IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SEAN MORRISON ENTERTAINMENT LLC, an Illinois Corporation, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No.<br>) |
| O'FLAHERTY HEIM EGAN & BIRNBAUM, Ltd. A Wisconsin Corporation, NICHOLAS D. THOMPSON, HEATHER CLARK, ANGELA HAYES, BARB HONCHAK, ANGELA MAGANA, MICHELLE OULD, PATRICIA VIDONIC, and KAITLAN YOUNG, | )<br>)<br>) MISAPPROPRIATION OF TRADE<br>) SECRETS, AND TORTIOUS<br>) INTERFERENCE WITH PROSPECTIVE<br>) ECONOMIC ADVANTAGE<br>)<br>) JURY DEMANDED |
| Defendants. | )<br>)<br>) |

Plaintiff, SEAN MORRISON ENTERTAINMENT LLC, an Illinois Corporation, ("Plaintiffs") through its attorneys, alleges as follows:

## I. SUMMARY

By this complaint, Plaintiff seeks to recover damages for the Defendants' willful Misappropriation of Trade Secrets, and Tortious Interference with Plaintiff's Prospective Economic Advantage. Defendants, O'FLAHERTY HEIM EGAN & BIRNBAUM, LTD. A Wisconsin Corporation and Law Firm, and NICHOLAS D. THOMPSON, an individual and attorney at law licensed to practice in the State of Wisconsin (collectively, "Defendants"), filed a law suit on behalf of the additional Defendants, HEATHER CLARK, ANGELA HAYES, BARB HONCHAK, ANGELA MAGANA, MICHELLE OULD, PATRICIA VIDONIC, and KAITLAN YOUNG (also collectively known as "Defendants"), in the Circuit Court of La Crosse County, Wisconsin. The suit filed by Defendants named defendants LHP Entertainment,

Lyle Howry Productions, and Lyle Howry. By filing the complaint Defendants willfully misappropriated and disclosed trade secrets belonging to the Plaintiff, and tortuously interfered with Plaintiffs' prospective economic advantage.

Plaintiffs are the principal investors and the owners of all intellectual property rights of a "contest format" reality television series known as Ultimate Women's Challenge (hereinafter referred to as the "Series"). The Series featured women mixed martial arts ("MMA") fighters living, training, and fighting in a series that was supposed to air on network television. Each of the sixteen (16) women fighters signed a "Participant Agreement and Release from Liability" containing clauses defining the outcomes of the individual matches and the overall tournament winner as trade secrets, restricting the disclosure of these results, and prohibiting any of the participants from giving interviews about the show, results, or divulging any of the details of the results. Defendants, HEATHER CLARK, ANGELA HAYES, BARB HONCHAK, ANGELA MAGANA, MICHELLE OULD, PATRICIA VIDONIC, and KAITLAN YOUNG (each a "Participant," collectively, the "Participants") each signed a copy of the Agreement.

The lawsuit filed by the Defendant attorney and law firm in the Circuit Court of La Crosse County, Wisconsin disclosed the results of specific matches and the overall contest winner. In addition, Defendants' released the match results to the media, including several internet news and forums covering MMA. By releasing the results, the Defendants' willfully violated the Agreement and destroyed the commercial value of the Series. Plaintiffs can no longer successfully market the show to the public, networks, or air it on television.

## II. JURISDICTION AND VENUE

1. This is a Complaint for Misappropriation of Trade Secrets and Tortious Interference with Prospective Economic Advantage, arising under common law and arising under the Illinois Trade Secrets Act. 765 ILCS 1065.

2. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are in different states and the amount in controversy exceeds $75,000.00. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. The Court has personal jurisdiction over Defendants because the Defendants engaged in intentional conduct with the purpose of causing harm to Plaintiff in this District and could reasonably anticipate being hailed into court in this District.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claim occurred, and continue to occur, in the Northern District of Illinois.

### III.   THE PARTIES

5. Plaintiff, SEAN MORRISON ENTERTAINMENT LLC, Inc. is an Illinois limited liability company, whose principal address is 12334 S. Keeler Avenue, Alsip, Illinois 60803.

6. Plaintiff, SEAN MORRISON ENTERTAINMENT LLC, Inc. is the sole and exclusive owner of all right, title and interest in all the intellectual property rights related to the Series.

7. On information and belief, Defendant, O'FLAHERTY HEIM EGAN & BIRNBAUM, Ltd, is a Wisconsin corporation headquartered at 201 Main Street, La Crosse, Wisconsin, 54601.

8. On information and belief, Defendant, NICHOLAS D. THOMPSON, is an individual and attorney who conducts business from an office located at 201 Main Street, La Crosse, Wisconsin, 54601.

9. On information and belief, Defendant, HEATHER CLARK, is an individual that resides at 3201 ½ Monterey Avenue, Albuquerque, New Mexico 87106.

10. On information and belief, Defendant, ANGELA HAYES, is an individual that resides at 633 Autumn Place, Fountain City, Colorado 80717.

11. On information and belief, Defendant, BARB HONCHAK, is an individual that resides at 1487 Creekside Drive, High Ridge, Missouri 63049.

12. On information and belief, Defendant, ANGELA MAGANA, is an individual that resides at 3915 Manchester Street, Farmington, New Mexico 87401.

13. On information and belief, Defendant, MICHELLE OULD, is an individual that resides at 3854 Villa Court, Romoland, California 92585.

14. On information and belief, Defendant, PATRICIA VIDONIC, is an individual that resides at 2907 La Palma Place, Farmington, New Mexico 87401.

15. On information and belief, Defendant, KAITLAN YOUNG, is an individual that resides at 7400 Highway 7, #718, Saint Louis Park, Minnesota 55426.

**IV. STATEMENT OF FACTS**

16. Mr. Sean Morrison, manager of the Plaintiff LLC, was the principal financier of a reality television series known as Ultimate Women's Challenge (hereinafter referred to as the "Series").

17. Mr. Morrison loaned sums in excess of Six Hundred Thousand Dollars ($600,000.00) to the original producer of the Series, LHP Entertainment, Lyle Howry Productions, and Lyle Howry (collectively "LHP").

19. Pursuant to the terms of the loan agreement between Mr. Morrison and LHP, LHP's inability to repay Mr. Morrison's loan triggered an automatic assignment, whereby LHP assigned all right, title and interest in and to the Series, including any and all ancillary rights necessary to commercially exploit the Series to Mr. Morrison.

20. Mr. Morrison assigned his rights in the Series to the Plaintiff LLC in exchange for one hundred percent (100%) of the ownership of the Plaintiff LLC.

21. Included in the assigned rights, are the rights to commercially exploit a participant's name, voice, likeness, statements and appearances in film, videotape or photographs, including the production of a television program or any other program derived therefrom, and in marketing and public relations materials.

22. The Series was produced as a reality television show contest, where sixteen (16) female MMA fighters, including the Participants, would compete in a series of fights to find a tournament (contest) winner in two different weight classes.

22. Since the Series is reality television show contest, the economic value of the Series is entirely dependant upon maintaining the secrecy of the contest elements which are compromised of the results of individual matches and the overall outcome of the contest.

23. Each of the sixteen (16) women fighters signed a "Participant Agreement and Release from Liability" (hereinafter referred to as the "Agreement"). A true and correct copy of the Agreement is attached hereto as <u>Exhibit A</u>.

5

24. The Agreement contained a Confidentiality provision wherein the Participants agreed to not disclose and agreed to not authorize others to disclose "any information or any trade secrets obtained or learned as a result of participation in the [p]rogram, including…any information about the [p]rogram, participants, events contained in or the outcome of the program (including without limitation the result of any game or contest or the winner of any game or contest.)"

25. The Defendants and additional fighter-participants fought all matches to completion and pursuant to the Agreement all results of the fights were kept secret.

26. Access to individual matches was restricted and personnel who were present at individual matches were also subject to confidentiality restrictions in order to preserve the confidentiality and trade secret status of the outcome of each individual match and the contest.

27. On or around January 17, 2011, a website named MMAHQ.com published an article about the Series stating that they would be releasing news and results about the Series and fights as they became available.

28. On information and belief, the Participants collectively engaged Defendants, O'FLAHERTY HEIM EGAN & BIRNBAUM, LTD., and NICHOLAS D. THOMPSON to act as their legal counsel.

29. On information and belief, some of the Participants and Defendant Thompson, began disclosing the details of the Series, the results of individual matches and the overall contest results to the press, the MMA community and MMA internet chat forums.

30. On information and belief, Defendants O'FLAHERTY HEIM EGAN & BIRNBAUM, LTD., and NICHOLAS D. THOMPSON in the course of representing the Participants reviewed the Agreement and knew or should have known of the confidential and

6

secret nature of any information or any trade secrets obtained or learned by the Participants as a result of their participation, including information about the other participants, the results of individual matches and the outcome of the contest.

31. Defendants O'FLAHERTY HEIM EGAN & BIRNBAUM, LTD., and NICHOLAS D. THOMPSON had a duty to maintain the confidentiality of Confidential information learned or obtained through the course of their representation of the Participants.

32. On or about March 14, 2011, Defendants O'FLAHERTY HEIM EGAN & BIRNBAUM, LTD., and NICHOLAS D. THOMPSON, filed a lawsuit on behalf of the Participants against LHP, captioned "Heather Clark et. al., v. LHP Entertainment, et. al. (the "LHP Lawsuit").

33. In the LHP Lawsuit, Defendants O'FLAHERTY HEIM EGAN & BIRNBAUM, LTD., and NICHOLAS D. THOMPSON, in violation of the Agreement and their legal duty to maintain the confidentiality of information obtained in the course of their representation of the Participants, disclosed the results of individual matches between the Participants and the outcome of the contest.

34. Defendants, O'FLAHERTY HEIM EGAN & BIRNBAUM, LTD., and NICHOLAS D. THOMPSON, could have and should have filed the LHP Lawsuit without disclosing the results of individual matches and the outcome of the contest.

35. Defendants, O'FLAHERTY HEIM EGAN & BIRNBAUM, LTD., and NICHOLAS D. THOMPSON, could have and should have filed the LHP Lawsuit under seal in order to preserve the confidential and trade secret status of the results of individual matches and the outcome of the contest.

36. Defendants' intentionally, and with willful disregard for Plaintiff's rights, made no effort to preserve the confidential and trade secret status of the results of individual matches and the outcome of the contest.

37. Defendants' intentionally, and with willful disregard for Plaintiff's rights, filed the LHP Lawsuit for the specific purpose of disclosing the results of individual matches and the outcome of the contest, destroying the commercial value of the Series.

38. After the LHP Lawsuit was filed, the results of individual matches became publicly available on several popular MMA websites and internet forums, including but not limited to, mmahq.com, sherdog.com, and mmaweekly.com.

39. Several of the Defendants, including NICHOLAS D. THOMPSON, have attempted to contact the Utah State Athletic Commission in an attempt to persuade the commission to release the results of the individual matches.

40. Defendants continue to make ongoing attempts at destroying the commercial value of the Series.

## COUNT I

### MISAPPROPRIATION OF TRADE SECRETS

41. Plaintiff realleges paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. Plaintiff was in possession of a trade secret: Plaintiff is the owner of all of the rights in and to the Series, including the rights associated with the Participants' participation in the MMA matches that compromise the Series.

43. The outcome of individual matches and the overall winner of the contest that compromised the Series were identified as confidential trade secret information in the Agreement

signed by the Participants and similar agreements signed all relevant personnel present during any individual match.

44.     The Participants and all relevant personnel present during any individual match, were subject to confidentiality restrictions restricting disclosure of any information or any trade secrets obtained or learned as a result of participation, including any information about the participants, events and the outcome of the matches and the contest.

45.     The results of the matches and the outcome contest that comprise the Series derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

46.     The economic value of a reality-television show contest depends entirely and exclusively on the unknown outcome of individual matches and the contest.

47.     LHP, the original producer of the Series from whom Plaintiff received title to the rights associated with the Series, took reasonable steps under the circumstances to preserve the confidential and secret nature of the trade secret information by requiring the Participants to sign Agreements restricting disclosure of the trade secrets and restricting access to the matches.

48.     Plaintiff had a reasonable expectation that the results of the matches and the outcome of the contest would be kept a secret until the show aired on television.

49.     All of the Defendants and each of them had a legal obligation, either by virtue of their contractual agreements or their role as legal counsel, to maintain the confidentiality of the results of the matches and the outcome contest.

50.     All of the Defendants and each of them misappropriated Plaintiff's trade secret by filing the LHP Lawsuit.

51. Filing the LHP Lawsuit disclosed the results of the matches and the outcome of the contest without Plaintiff's consent when the Defendants and each of them were under a duty not to disclose or use it.

52. Plaintiff has suffered damages as a direct result of the Defendants' misappropriation of the trade secrets, since the results of the matches and the outcome of the contest that comprise the Series derive its economic value from not being known.

53. Defendants' actions constitute misappropriation of Plaintiff's trade secrets and have caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

## COUNT II

**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

54. Plaintiff had a reasonable expectation of entering into a valid business relationship with a television network to broadcast the Series.

55. Defendants knew or should have known of Plaintiffs' expectancy since Series is a television program and the only way to derive economic benefit form the Series is to distribute the Series to a broadcast and/or pay-per-view television audience or to sell the series for such broadcast to a third party.

56. LHP informed the Participants that LHP was seeking opportunities to distribute or broadcast the Series.

57. Defendants' intentionally, and with willful disregard for Plaintiff's rights, filed the LHP Lawsuit for the specific purpose of disclosing the results of individual matches and destroying the commercial value of the Series.

58. Defendants purposefully interfered with the Plaintiffs' legitimate expectancy of negotiating for the sale or distribution of the Series with television networks and prevented any negotiations from ripening into a valid business relationship.

59. Plaintiffs suffered damages directly resulting from such interference: since a reality television "contest" derives its economic value from the uncertainty of the outcome, the premature disclosure of the outcome will make it impossible for Plaintiff to negotiate the sale or distribution of the Series with a television network.

60. Even if Plaintiff is successful in negotiating a sale or distribution of the Series, the economic value of the Series is so severely diminished that Plaintiff will never realize the full commercial potential – the economic advantage - that may have been achieved if the results had not been revealed.

61. Defendants' actions constitute Tortious Interference with Prospective Economic Advantage: Defendants' actions have caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully prays that this Court:

1. Issue a judgment against Defendants, O'FLAHERTY HEIM EGAN & BIRNBAUM, LTD., NICHOLAS D. THOMPSON, HEATHER CLARK, ANGELA HAYES, BARB HONCHAK, ANGELA MAGANA, MICHELLE OULD, PATRICIA VIDONIC, and KAITLAN YOUNG, and each of them, that they have:

   (A) Willfully misappropriated trade secrets owned by Plaintiff in violation of Illinois law; and,

   (B) Willfully committed tortious interference with Plaintiffs' prospective economic advantage under Illinois law;

11

2. Issue a preliminary and permanent injunction, enjoining and prohibiting each of Defendants and their agents, servants, employees, officers, attorneys, successors and assigns from discussing details, results or outcomes of the Series;

3. Issue a preliminary and permanent injunction, enjoining and prohibiting each of Defendants and their agents, servants, employees, officers, attorneys, successors and assigns from taking any action to delay, restrict, prohibit, enjoin or otherwise adversely affect commercial exploitation of the Series are any rights associated with the Series;

4. Issue a judgment awarding liquidated damages of $500,000 against each of Defendants HEATHER CLARK, ANGELA HAYES, BARB HONCHAK, ANGELA MAGANA, MICHELLE OULD, PATRICIA VIDONIC, and KAITLAN YOUNG for violating the Agreement;

5. Order an award of attorney's fees and costs against Defendants O'FLAHERTY HEIM EGAN & BIRNBAUM, LTD., NICHOLAS D. THOMPSON, HEATHER CLARK, ANGELA HAYES, BARB HONCHAK, ANGELA MAGANA, MICHELLE OULD, PATRICIA VIDONIC, and KAITLAN YOUNG and each of them;

6. Issue a judgment awarding damages of at least $1,000,000 against each of Defendants and O'FLAHERTY HEIM EGAN & BIRNBAUM, LTD., NICHOLAS D. THOMPSON, for misappropriating Plaintiff's trade secrets and tortious interference with Plaintiff's prospective economic advantage; and

7. Any other or further relief that the Court deems appropriate.

### V. JURY DEMAND

Plaintiffs hereby demands a trial by jury of all issue in this case.

DATED this April 12, 2011.

Respectfully submitted,

SEAN MORRISON and SEAN MORRISON ENTERTAINMENT LLC

By: [signed] /david m. adler/
    David M. Adler, One of its attorneys

Attorneys for Plaintiffs SEAN MORRISON and SEAN MORRISON ENTERTAINMENT LLC

David M. Adler, Esq.
DAVID M. ADLER, ESQ. & ASSOCIATES, PC
203 North LaSalle Street, Suite 2550
Chicago, IL 60601
Phone: (866) 734.2568
ISBA #6242403