IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN MORRISON ENTERTAINMENT, LLC | )<br>) |
| Plaintiff, | ) 11 C 2462<br>) |
| v. | )<br>) |
| O'FLAHERTY HEIM EGAN &<br>BIRNBAUM, LTD.; NICHOLAS D.<br>THOMPSON; HEATHER CLARK;<br>ANGELA HAYES; BARB<br>HONCHAK; ANGELA MAGANA;<br>MICHELLE OULD; PATRICIA<br>VICONIC; and KAITLAN YOUNG, | )<br>)<br>)<br>)<br>) Hon. Charles R. Norgle<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report") as to both Plaintiff Sean Morrison Entertainment, LLC's ("Plaintiff") motion for sanctions and Defendants Angela Hayes, Barb Honchak, Heather Clark, and Angela Magana's ("Defendants") motion for sanctions. For the following reasons the Court adopts the findings and conclusions of the Magistrate Judge, as set forth in her Report.

**I. BACKGROUND**

The Court assumes familiarity with the facts and background of this case, as set forth in Sean Morrison Entertainment, LLC v. Thompson, No. 11 C 2462, 2011 WL 6934828 (N.D. Ill. Dec. 28, 2011). In that opinion, the Court dismissed this matter for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In the months following that opinion, both parties moved for sanctions pursuant to Federal Rule of Civil Procedure 11. The matter was referred to the Magistrate Judge on May 8, 2012.

1

On August 3, 2012, the Magistrate Judge issued the Report recommending that both motions be denied. Both parties filed timely objections pursuant to Federal Rule of Civil Procedure 72(b)(2).

## II. DISCUSSION

### A. Standard of Review

Rule 72(b) applies to dispositive motions, including motions for sanctions filed after a dismissal on the merits, as here. See Retired Chi. Police Ass'n v. City of Chi., 76 F.3d 856, 869 (7th Cir. 1996) Under Rule 72(b), "the district court reviews a magistrate judge's report and recommendation to which objections have been timely filed under a *de novo* standard and 'may accept, reject, or modify the recommended decision; receive further evidence; or recommit the matter to the magistrate judge with instructions.'" Mendez v. Perla Dental, No. 04 C 4159, 2012 WL 2049723, at *1 (N.D. Ill. June 6, 2012) (quoting Fed. R. Civ. P. 72(b)(3)). As the parties have filed timely objections, the Court reviews the Report *de novo*.

Rule 11 requires an attorney to certify, to the best of his knowledge, that any pleading presented to the Court "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that the legal contentions asserted in the pleading are not frivolous and have or are likely to have evidentiary support. Fed. R. Civ. P. 11(b); see also Jimenez v. Madison Area Tech. Coll., 321 F.3d 652, 656 (7th Cir. 2003). "The central goal of Rule 11 is to deter abusive litigation practices." Corley v. Rosewood Care Ctr., Inc. of Peoria, 388 F.3d 990, 1013 (7th Cir. 2004) (citation omitted). Courts have cautioned, however, that "Rule 11 should not be used as 'a battleground for satellite controversies wherein, in effect, the tail

2

would wag the dog, potentially diverting judicial resources from the prompt disposition of the merits of controversies.'" Cartwright v. Cooney, 788 F. Supp. 2d 744, 755 (N.D. Ill. 2011) (quoting Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc., 9 F.3d 1263, 1269 (7th Cir. 1993)). "To forestall such use, a court should apply Rule 11 sanctions only 'with utmost care and caution.'" Id. (quoting Fed. Deposit Ins. Corp. v. Tekfen Constr. & Installation Co., 847 F.2d 440, 444 (7th Cir. 1988)). "Indeed, even when a court has ruled that a party has been 'wrong on the law,' sanctions against that party do not flow inevitably." Id. "The focus in Rule 11 sanctions is on what counsel knew at the time the complaint was filed, not what subsequently was revealed in discovery. . . . The fact that the underlying claim turned out to be groundless does not necessarily mean that Rule 11 sanctions are appropriate (much less required)." Corley, 388 F.3d. at 1014 (citations omitted).

## B. Defendants' Motion

On February 8, 2012, Defendants filed a motion for Rule 11 sanctions against Plaintiff for "submitting a baseless complaint that was filed for improper purposes." Defs.' Mot. for Sanctions 1. The Report recommends denying the motion because Defendants failed to comply with the procedural requirements set forth in Rule 11(c)(2).

"Rule 11(c)(2) provides that a motion for sanctions must be served on the opposing party, but that it cannot be filed with the court until 21 days have passed from the date of service of the motion. This 21-day window gives the offending party a 'safe harbor' within which to withdraw or correct the offending pleading." Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chi., 649 F.3d 539, 552 (7th Cir. 2011). "A court that imposes sanctions by motion without adhering to this twenty-one day safe harbor has

3

abused its discretion." Divane v. Krull Elec. Co., Inc., 200 F.3d 1020, 1025 (7th Cir. 1999) (citation omitted).

The attorney for the Defendants, Barry Rose ("Rose"), "readily admits [that he] did not follow the [notice] procedure in Rule 11 in this case." Defs.' Mot. for Sanctions ¶ 13. Defendants argue, however, that a formal motion was not required because two emails sent by Rose—one on May 23, 2011, and the other on June 8, 2011—put Plaintiff on notice of the potential sanctions motions.

As an initial matter, the Court notes that, at the time Rose sent the emails, he had not filed an appearance in the case (Rose filed his appearance on July 13, 2011) and did not yet represent any of the Defendants. See Sean Morrison Entertainment, LLC, 2011 WL 6934828, at *4 ("The first [Defendant] did not enlist Rose until June 15, 2011, and the last did not sign on until August 17, 2011."). As the Report points out, the sufficiency of an email notice from an attorney who has neither been retained nor filed an appearance is questionable at best. Regardless, for the reasons set forth below, the two email notices are deficient under the safe-harbor rule.

While it is true that a letter may be sufficient Rule 11 notice in certain circumstances, see Matrix IV, Inc., 649 F.3d at 552-53 (citations omitted), even a letter "must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2); see also Matrix IV, Inc., 649 F.3d at 552 (explaining that the notice of Rule 11 sanctions, even if in the form of a letter, "must 'describe the specific conduct that is alleged to violate Rule 11(b).'" (quoting Corley, 388 F.3d at 1012)).[1]

Rose's May 23, 2011 email states, in part:

---

[1] For purposes of this motion, the Court finds that the law governing the sufficiency of letter-notices under Rule 11(c)(2) applies equally to letters sent via email.

4

> I promise you that we will file a Motion to Dismiss for Failure to State a Cause of Action, seek (and likely obtain) Rule 11 sanctions against your client for filing a baseless lawsuit. . . . In case you doubt the veracity of my statements above, please find attached to this email, a copy of two orders from a reported decision in one of my cases, from the appellate court in 2006, whereby the court assessed attorney fees in excess of $10,000 for the appellant's decision to file a frivolous lawsuit. . . . . I assure you that your baseless complaint easily meets the Rule 11 requirements, and therefore would subject your client and quite possibly yourself to these sanctions. . . . In the unlikely event this lawsuit, were it to be re-filed, was not dismissed at an early stage, I guarantee you that I will cause your client to expend many dozens of thousands of dollars defending against the lawsuit we would indeed file against you. . . . The ball is in your court . . . [p]lease be careful not to have it smashed back in your face.

Pl.'s Res. to Defs.' Mot. for Sanctions Ex. D. Rose's June 8 email states, in relevant part (and in boldface type):

> We have more than sufficient bases to have your complaint dismissed on procedural and/or substantive grounds. Once that is accomplished, as promised, we will file sanctions under Rule 11 for this baseless lawsuit which was obviously filed for harassment purposes rather than due to any legitimate claim for damages.

Defs.' Mot. for Sanctions Ex. 1.

While these emails are full of acrimonious language, they lack substance relating to Rule 11. In Matrix IV, the Seventh Circuit upheld a Rule 11 letter-notice because it "ma[de] clear that [the moving party] would argue preclusion." Matrix IV, Inc., 649 F.3d at 552 n.5. The panel explained that, while the notice need not explicitly state the allegedly sanctionable conduct, the grounds for sanctions must be clear from the context. See id. There is no comparable specificity here. Stating that the lawsuit is "baseless" or that the complaint may be "dismissed on procedural and/or substantive grounds" does not provide Plaintiff with notice of the arguments that Defendants planned to make. Indeed, as the Report explained, "the June 8 e-mail's oblique reference to 'procedural and/or

5

substantive grounds' does not meet any definition of specificity, and the 'Failure to State a Cause of Action' mentioned in the May 23 e-mail was not only non-specific, it was not argued as a basis for Defendants' successful motion to dismiss." Report at 5. Accordingly, the Court adopts the Report's recommendation and denies Defendants' motion for sanctions for failure to comply with Rule 11(c)(2).

Finally, the Court notes that, even if the notice was sufficient under the safe-harbor rule, Defendants' motion would be denied on the merits. Defendants argue that Plaintiff should be sanctioned for filing a complaint which lacked a basis for personal jurisdiction. Essentially, Defendants claim that Plaintiff was reckless, or at least careless, in not researching the law and facts in support of personal jurisdiction in Illinois. In Defendants' words, "[a]ny competent first year law student . . . would be familiar with the case of International Shoe . . . [e]ither plaintiff's counsel lacks the knowledge of a first-year law student, or more likely, its Illinois attorney chose to ignore the law and decided to file in Illinois anyway." Defs.' Mem. of Law in Supp. of Mot. for Sanctions 4-5.

While acknowledging that the Court strongly rejected its basis for personal jurisdiction, Plaintiff contends that it believed, at the time of filing, that Defendants' contact with Illinois was sufficient. Plaintiff argued that there was general jurisdiction based on the following:

> (1) the Fighters [Defendants on the instant motion] engaged Illinois lawyer Barry Rose after Plaintiff sued the Fighters in Illinois; (2) the Fighters signed written engagements with Rose, who is based in Illinois; (3) Rose has represented Fighter Angela Magana in other matters, dating back three years; (4) Rose suggested to the original UWC production company that Magana participate in the competition; (5) the Fighters did not, after the fact, object to Rose's threats to Tennessee-based Tuff TV; and (6) Rose received correspondence and payment from the Fighters in Illinois.

6

Sean Morrison Entertainment, LLC, 2011 WL 6934828, at *4. It is true that the Court found that these arguments, "do[] not approach the standard for general jurisdiction," were "frivolous" and, with respect to one specific jurisdiction argument, were "absurd." Id. at *5. Nevertheless, taken as a whole, these losing arguments do not rise to the level necessary to warrant sanctions in this case. As set forth above, Rule 11 should not be used as a battleground for satellite controversies, courts should apply Rule 11 sanctions only "with the utmost care and caution," Fed. Deposit Ins. Corp., 847 F.2d at 444, and the "fact that the underlying claim turned out to be groundless does not necessarily mean that Rule 11 sanctions are appropriate (much less required)," Corley, 388 F.3d. at 1013 (internal citations omitted). On these facts, the Court finds that "the censure of [the opinion dismissing the case] is sufficient to bring about the necessary improved conduct in the future." Ritter & Co. v. Pocono Vill. Mall, Inc., No. 96 C 8412, 1997 WL 94727, at *3 (N.D. Ill. Mar. 3, 1997) (rejecting defendant's motion for sanctions filed based on, *inter alia*, plaintiff's inability to establish personal jurisdiction); see also Pl.'s Resp. to Defs.' Mot. for Sanctions 8 ("Plaintiff takes to heart this Court's admonitions and censure in the [December 28] Order.").

## C. Plaintiff's Motion

On April 26, 2012, Plaintiff filed a motion for Rule 11 sanctions against Defendants and Rose for "conduct intended to harass, delay and cause needless increases in the cost of this litigation, consisting of making threats against Plaintiff and its business partners and by filing a baseless and improper Motion for Sanctions." Pl.'s Mot. for Sanctions 1. The Report recommends denying Plaintiff's motion because (1)

7

Defendants' motion for sanctions was not baseless and/or presented for an improper purpose and (2) Rose's general conduct and behavior is not a basis for Rule 11 sanctions.

First, although the Court denies Defendants' Rule 11 motion, it does not follow that the motion was entirely baseless or improper or that it was brought solely to harass Plaintiff. As set forth above, Defendants' motion argues that Plaintiff's jurisdictional claims lacked a factual and legal basis. Agreeing with the overall weakness of Plaintiff's claims, the Court held, *inter alia*, that Plaintiff's arguments do not "approach the standard for general jurisdiction" and are "frivolous." Sean Morrison Entertainment, LLC, 2011 WL 6934828, at *5. With that ruling in mind, the Report found that that Defendants' motion for sanctions had a proper basis and, despite the inflammatory language in the aforementioned May 23 and June 8 emails, was not filed solely to harass Plaintiff or prolong the litigation. The Court agrees.

Second, Rule 11 does not provide a basis for sanctioning Rose based on his "unprofessional" conduct in general.[2] Rule 11 sanctions apply only when counsel presents "a pleading, written motion, or other paper" to the Court. Fed. R. Civ. P. 11(b). The Court has found nothing sanctionable in the filing of Defendants' Rule 11 motion, and Plaintiff presents no other pleadings, motions, or papers to the Court's attention. Thus, because "the conduct in question was not embodied in a pleading, Rule 11 sanctions are not applicable." Crot v. Byrne, No. 83 C 7230, 1989 WL 31116, at *3 n.2 (N.D. Ill. Mar. 29, 1989); see also TMF Tool Co., Inc. v. Muller, 913 F.2d 1185, 1194 (7th Cir. 1990) ("The conduct of counsel may not have been in the best traditions of

---

[2] In addition to the emails quoted above, the Report cites, among other things, Rose's letter to Plaintiff's counsel, stating: "Why don't you act like a Mensch for once in your life, instead of the Pissant you apparently aspire to be" and "Does your client realize what you are doing? If so, he is as big a dweeb as you are." Report at 6 n.3 (citing Pl.'s Mot. for Sanctions Exs. C & D).

8

advocacy; however, the documents upon which they placed their signatures did not provide a basis for the imposition of sanctions against their respective clients."); SEC v. Simpson, 885 F.2d 390, 394-95 (7th Cir. 1989) (finding that Rule 11 "was not an appropriate vehicle for the imposition of the sanctions" where "the conduct for which [defendant and his attorney] were sanctioned did not involve the improper signing of a paper filed in the district court"). As the Report explained, Rule 11 is not concerned with "policing civility between opposing counsel." Report at 6. Defense counsel is admonished, however, for sending emails that are "unbecoming of a member of the bar." Id.

## II. CONCLUSION

For the foregoing reasons, the Court agrees with the findings and conclusions as set forth in the Report. The Court therefore adopts the Report, overrules the parties' objections, and denies both Plaintiff's and Defendants' motions for sanctions.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge

United States District Court

DATED: September 21, 2012